Filed 3/3/14  P. v. Young CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOSEPH CHRISTOPER YOUNG,<br><br>　　　Defendant and Appellant. | B246458<br><br>(Los Angeles County<br>Super. Ct. No. BA401756) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Patrick T. Meyers, Judge.  Affirmed.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An undercover narcotics officer, posing as a cocaine buyer, handed $40 in marked bills to a man known as "Smith" on a street in downtown Los Angeles. Smith then gave the money to Joseph Christopher Young in exchange for rock cocaine, which Smith presented to the officer. Smith and Young were subsequently arrested.[1]

An information charged Young with the sale of a controlled substance (cocaine base) in violation of Health and Safety Code section 11352, subdivision (a). The information specially alleged Young had suffered two prior drug-related convictions within the meaning of Health and Safety Code section 11370.2, subdivision (a). Young pleaded not guilty and denied the special allegations.

The trial court granted Young's motion for discovery of police personnel records (Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)), reviewed the records in an in camera hearing and found discoverable information, which was provided to Young.

A jury convicted Young of the sale of a controlled substance as charged. Young waived his right to a jury on the prior conviction allegations. Following a bench trial the court found true the prior drug-related conviction allegations. The court then sentenced Young to an aggregate state prison term of nine years in state prison, consisting of the three-year lower term for sale of cocaine base, plus six years for the two prior drug-related convictions. The court awarded Young presentence custody credit of 292 days (146 actual days and 146 days of conduct credit). The court ordered Young to pay a $40 court security fee, a $30 criminal conviction assessment, a $50 lab fee and a $280 restitution fine. The court imposed and suspended a parole revocation fine pursuant to Penal Code section 1202.45.

We appointed counsel to represent Young on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On October 28, 2013 we advised Young he had 30 days within which to personally submit any

---

[1] Smith is not a party to this appeal.

2

contentions or issues he wished us to consider. Other than Young's motion to augment the record, which we denied on December 9, 2013, we have received no response to date.

We have examined the entire record and are satisfied Young's counsel has complied fully with his responsibilities and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

With respect to the *Pitchess* motion, pursuant to *People v. Mooc* (2001) 26 Cal.4th 1216, counsel specifically requested that we examine the transcript of the in camera hearing conducted by the trial court and the documents it reviewed after the court determined Young had demonstrated good cause to discover information in the personnel and administrative records of two police officers pertaining to allegations of false reporting and planting of evidence. We have reviewed the sealed record of the proceedings, which adequately describes the documents the court reviewed, and conclude the trial court satisfied minimum requirements in determining whether there was discoverable information. No abuse of discretion occurred. (*Id.* at p. 1229.)

The judgment is affirmed.


                                                   **WOODS, J.**


**We concur:**


        **PERLUSS, P. J.**                              **ZELON, J.**